

**HUSCHBLACKWELL**
SANDERS LLP

Thomas M. Dee
Attorney

190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314.480.1909
fax: 314.480.1505
tom.dee@huschblackwell.com

July 15, 2009

**VIA ELECTRONIC
AND REGULAR MAIL**
Maury A. Herman
Herman, Mathis, Casey, et al.
230 Peachtree Street, NW
Suite 2260
Atlanta, GA 30303

Dear Maury:

We believe it is premature to request a date from Judge Autrey for an in-person status conference at this time.

As Joe Conran and I reminded you one month ago, the parties filed a Joint MDL Status Report at Judge Autrey's request on September 11, 2008. That report summarized the status of the twenty-two cases pending in the MDL, including those in the ESI-ERISA track, the non-ERISA/NPA-ERISA track and the Fidelity case. As of the date of the report, there was only one substantive motion pending – Plaintiffs' Motion for Reconsideration (Doc. #334) – which was denied by Judge Autrey one week after the status report was filed, on September 18, 2008. Since the joint status report and Judge Autrey's denial of the motion to reconsider, plaintiffs have done little to nothing to pursue their claims in the individual consolidated actions. There has been no change in status in these cases, and without a full understanding of the specific topics and agenda for discussion, we believe that a conference will be a waste of the parties' resources and the Court's time.

Judge Autrey's rules expressly anticipate that the parties will cooperate in preparing and filing a joint scheduling plan, and require that requests for modification or amendment of case management orders be made in writing. It is our understanding that Judge Autrey expects that we will make our best efforts to agree upon an amended case management order for submission to the Court, along with any disputes we may have as to certain aspects of the CMO. As Joe and I stated to you, we are ready, willing and able to do so once the plaintiffs tell us what they propose to do. We are certainly unwilling to join a request for a scheduling conference before Judge Autrey without that information, and without first complying with the Court's explicit rules.

Finally, the Steering Committee's claim that it would be a "waste of time" to prepare a proposed schedule in advance of a potential meeting date with the Judge makes no sense to us.

3332647-1

**EXHIBIT A**



Maury A. Herman
July 15, 2009
Page 2

In fact, the previous case management order tracked the non-ERISA/NPA-ERISA schedule to the unknown date of Judge Limbaugh's ultimate ruling on class certification and summary judgment.

    Please reconsider your position and contact us to discuss the Steering Committee's proposed schedule for moving forward.

Very truly yours,

Thomas M. Dee

3332647-1